IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRENCE KENNY SUGGS JR.,<br><br>*Defendant* | CRIMINAL NO. 3:07cr00006<br><br>ORDER and OPINION<br><br>JUDGE NORMAN K. MOON |

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY WAYNE JASOR MAWYER<br><br>*Defendant* | CRIMINAL NO. 3:07cr00007<br><br>ORDER and OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Government's unopposed Motion To Jointly Try Defendants Pursuant to Rule 13, filed on April 26, 2007 (docket entry nos. 17, 11). For the following reasons, this motion is hereby GRANTED.

A grand jury indicted both Defendants Suggs and Mawyer in separate indictments on February 7, 2007. Each indictment charges that each defendant violated 18 U.S.C. § 1513(b) in that they threatened to cause bodily injury to a certain witness who gave information to law enforcement officers.

Rule 13 of the Federal Rules of Criminal Procedure states that "separate cases [may] be tried together as though brought in a single indictment ... if all offenses and all defendants could have been joined in a single indictment." Fed. R. Crim. P. 13. Rule 8, which covers joinder of

- 1 -

offenses and defendants, states that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b).

Here, both Defendants were allegedly involved with the same gang and threatened the same witness and the witness's family on several occasions during the same time frame. When two defendants' acts are "so interconnected in time, place, and manner as to constitute a common scheme or plan," the requirements of Rule 8 and, in turn, Rule 13, have been met. *See, e.g., United States v. Santoni*, 585 F.2d 667, 673 (4th Cir. 1978) ("Where the defendants' acts are part of a series of acts or transactions, it is not necessary that each defendant be charged in each count, nor to show that each defendant participated in every act or transaction in the series. Although 'series of acts or transactions' is not defined in the Rule, such phrase logically includes those transactions so interconnected in time, place and manner as to constitute a common scheme or plan." (citations omitted)).

Additionally, judicial resources will best be served by trying the two Defendants together: the Government intends to call ten witnesses in each case, all ten of whom are the same. Such conservation of judicial resources is a permissible justification for consolidation under Rule 13. *See, e.g., United States v. Burkley*, 591 F.2d 903, 919 (D.C. Cir. 1978). Finally, there is nothing to suggest here that there would be any prejudice to either Defendant in consolidating these actions.

It is therefore ORDERED that the above-numbered and entitled actions be and are consolidated into one action, and that the orders and proceedings previously had in such actions be and are made orders and proceedings in this action, and that this consolidated action shall proceed under Criminal Action No. 3:07cr00006.

- 2 -

Case 3:07-cr-00007-NKM   Document 12   Filed 05/01/07   Page 2 of 3   Pageid#: 21

Additionally, both Defendants will be tried together on May 23, 2007, the date set for Defendant Mawyer's trial.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *Norman K. Moon*
United States District Judge

*May 1, 2007*
Date